UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEFFREY R. JONES,

    Defendant.

Case No. 20-CR-151

[21 U.S.C. §§ 841(a)(1), (b)(1)(A), (B), & (C); 18 U.S.C. §§ 922(g), 924(c), & 2]

---

## INDICTMENT

---

### COUNT ONE

**THE GRAND JURY CHARGES THAT**:

1. On or about February 3, 2020, in the State and Eastern District of Wisconsin,

**JEFFREY R. JONES**

knowingly and intentionally distributed a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance.

2. The offense involved 40 grams or more of a mixture and substance containing fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

1

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 14, 2020, in the State and Eastern District of Wisconsin, **JEFFREY R. JONES** knowingly and intentionally distributed a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about May 1, 2020, in the State and Eastern District of Wisconsin,

**JEFFREY R. JONES**

knowingly and intentionally distributed a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and methamphetamine and fentanyl, Schedule II controlled substances.

2. The offense involved 40 grams or more of a mixture and substance containing fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

3

Case 2:20-cr-00151-JPS   Filed 08/25/20   Page 3 of 10   Document 10

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 26, 2020, in the State and Eastern District of Wisconsin,

**JEFFREY R. JONES**

knowingly and intentionally distributed a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and methamphetamine and fentanyl, Schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

4

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT**:

On or about July 8, 2020, in the State and Eastern District of Wisconsin,

**JEFFREY R. JONES**

knowingly and intentionally distributed a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 27, 2020, in the State and Eastern District of Wisconsin,

**JEFFREY R. JONES**

knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about July 27, 2020, in the State and Eastern District of Wisconsin,

**JEFFREY R. JONES**

knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of methamphetamine and fentanyl, Schedule II controlled substances.

2. The offense involved 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

7

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about July 27, 2020, in the State and Eastern District of Wisconsin,

**JEFFREY R. JONES**

knowingly possessed firearms in furtherance of the drug trafficking crime charged in Count Seven of this indictment.

2. The firearms are more fully described as follows:

   a. a Sig Sauer P226 .40 caliber semi-automatic pistol, bearing serial number UU619979;

   b. a FN Herstal FS2000 5.56 x 45 mm semi-automatic rifle, bearing serial number 037712;

   c. an Action Arms Uzi Model 45 semi-automatic Carbine rifle, bearing serial number 001755;

   d. a Glock 23 Gen 4 40 caliber semi-automatic pistol, bearing serial number XKP477; and

   e. an American Tactical M1911 GI semi-automatic pistol, bearing serial number GL123439.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about July 27, 2020, in the State and Eastern District of Wisconsin,

**JEFFREY R. JONES,**

knowing he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms that, prior to his possession of them, had been transported in interstate commerce, the possession of which was therefore in and affecting commerce.

2. The firearms are more fully described as follows:

   a. a Sig Sauer P226 .40 caliber semi-automatic pistol, bearing serial number UU619979;

   b. a FN Herstal FS2000 5.56 x 45 mm semi-automatic rifle, bearing serial number 037712;

   c. an Action Arms Uzi Model 45 semi-automatic Carbine rifle, bearing serial number 001755;

   d. a Glock 23 Gen 4 .40 caliber semi-automatic pistol, bearing serial number XKP477;

   e. an American Tactical M1911 GI semi-automatic pistol, bearing serial number GL123439;

   f. a Ruger LCP II 380 semi-automatic pistol, bearing serial number 380179726;

   g. a Glock 23 .40 caliber semi-automatic pistol, bearing serial number PVL502; and

   h. a Taurus .357 Magnum revolver, bearing serial number DR29155.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

9

## FORFEITURE NOTICE

1. Upon conviction of the controlled substance offenses alleged in the Indictment, the defendant shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

   a. Approximately $12,978 in U.S. currency recovered from 824 South 18th Street, Milwaukee, Wisconsin on or about July 27, 2020;

   b. Approximately $61 in U.S. currency recovered from the defendant's person upon his arrest on or about July 27, 2020.

2. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL:

FOREPERSON

Dated: 8/25/20

MATTHEW D. KRUEGER
United States Attorney