# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 20-CR-151-JPS |
| JEFFREY R. JONES, | **ORDER** |
| Defendant. | |

### 1.  INTRODUCTION

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited April 25, 2024). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-

friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited April 25, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In April 2024, Defendant Jeffrey R. Jones ("Defendant") moved to reduce his term of imprisonment based on this retroactive provision of Amendment 821. ECF No. 62. Defendant explicitly references "status points" so the Court construes his motion as one under the Status Point Amendment. *Id.* at 1. For the reasons stated below, the Court will deny the motion.

## 2. BACKGROUND

Defendant pleaded guilty to, and was formally adjudicated guilty of, distribution of heroin, methamphetamine, and fentanyl, as well as being a felon in possession of a firearm. ECF Nos. 29, 56. In May 2022, Defendant appeared before the Court for sentencing. ECF No. 34. For sentencing purposes, Probation calculated the applicable Guidelines as follows:

>Total Offense Level: 33
>Criminal History Category: VI
>Imprisonment: 235 to 293 months

ECF No. 55 at 1. The Court sentenced Defendant to a total term of imprisonment of 150 months. ECF No. 56 at 3.

According to the Federal Bureau of Prisons, Defendant is incarcerated at Oxford FCI and currently has a projected release date in March 2031. *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 25, 2024).

3.  **LAW AND ANALYSIS**

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is Guideline § 1B1.10. That Guideline provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s), subject to some exceptions. U.S.S.G. § 1B1.10(b)(2)(A); U.S.S.G. § 1B1.10(b)(2)(B), (c) (setting forth exceptions).

Defendant received status points for his offense, so he broadly fits within the group of offenders who can be considered for sentence reductions under the Status Point Amendment. *Materials Relating to the 2023*

---

[1] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

*Criminal History Amendment*, "Who is Eligible for Retroactive Application?". When he was sentenced, the United States Probation Office for the Eastern District of Wisconsin ("Probation") determined, and the parties agreed, that Defendant had ten criminal history points—including two status points—which resulted in a criminal history category of V, and further that Defendant was a career offender, raising his criminal history category to VI pursuant to U.S.S.G. § 4B1.1(b). ECF No. 44 at 20 (revised Presentence Investigation Report); ECF No. 55 at 1 (minute entry reflecting parties' acceptance of the guidelines' calculations as presented in the revised Presentence Investigation Report).

However, he is not eligible for a reduced sentence under the Status Point Amendment because, even taking into account the one-point decrease in criminal history points resulting from the Status Point Amendment, Defendant's criminal history category remains unchanged because of his status as a career offender. *See* U.S.S.G. § 4B1.1(b) (Career Offender) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). Because Defendant's criminal history category remains unchanged, there is no change to the advisory Sentencing Guidelines construct in his case. Accordingly, the Court finds no basis in Amendment 821 to reduce Defendant's sentence. U.S.S.G. § 1B1.10(a)(2)(B). Accordingly, the Court need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.

Page 4 of 5
Case 2:20-cr-00151-JPS    Filed 04/25/24    Page 4 of 5    Document 63

3.  **CONCLUSION**

For the reasons stated above, the Court will deny Defendant's motion.

Accordingly,

**IT IS ORDERED** that Defendant Jeffrey R. Jones's motion to reduce his sentence pursuant to the 2023 Amendments to the United States Sentencing Guidelines, ECF No. 62, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge