UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

           Plaintiff,

v.

JEFFREY R. JONES,

           Defendant.

Case No. 20-CR-151-JPS

**ORDER**

      In May 2022, the Court sentenced Defendant Jeffrey R. Jones ("Defendant") to 120 months of imprisonment as to Count Three of the Indictment and 30 months of imprisonment as to Count Nine of the Indictment, to operate to run consecutively for a total term of 150 months of imprisonment. ECF No. 56 at 3. In calculating his offense level, the Probation Department applied several enhancements, including a Chapter Four enhancement because of Defendant's status as a career offender. ECF No. 44 at 11.

      Defendant moves for clarification from the Court as to his sentence. ECF No. 64. Defendant writes: "[I]f [the Court] sentenced me to 120 months . . . and 30 months on another count to be served consecutive to the first count then why [is] [the Bureau of Prisons (the "BOP")] only paying attention to the total term of 150 months?" *Id.* at 1. He also comments on the application of credit for time served in jail. *Id.*

      The Court can confirm that Defendant was sentenced to a total term of imprisonment of 150 months. ECF No. 56 at 3. The Court can also note that the BOP's Inmate Locator reflects a release date of 3/23/2031 for

Defendant. Inmate Locator, FED. BUREAU OF PRISONS, *available at* https://www.bop.gov/inmateloc/ (last visited Oct. 31, 2024). With respect to Defendant's complaint regarding the BOP "only paying attention to the total term of 150 months," ECF No. 64 at 1, it may be because 18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."

Apart from those points, however, the Court cannot speak definitively as to how the BOP will administer Defendant's sentence—for example, how or when the BOP will apply any credit to Defendant's sentence. "After a district court sentences a federal offender, the Attorney General, through BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). "Because the offender has a right to certain jail-time credit under [18 U.S.C.] § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant." *Id.* It is the BOP, not the Court, that "has the authority to determine when to give a defendant credit against a sentence for time he has served." *Pope v. Perdue*, 889 F.3d 410, 417 (7th Cir. 2018) (quoting *United States v. Jones*, 34 F.3d 495, 499 (7th Cir. 1994)). Accordingly, if Defendant has questions or concerns regarding how his sentence is being administered or how any credit will be applied to his sentence, he should direct those questions or concerns to the BOP.

Defendant also attempts to challenge the enhancement that he received for being a career offender. ECF No. 64 at 2. But his motion to clarify is neither the time nor place to challenge the application of that

Page 2 of 4
Case 2:20-cr-00151-JPS    Filed 10/31/24    Page 2 of 4    Document 65

enhancement. The most appropriate time and place to have challenged to the application of the career offender enhancement was in an objection during the presentence investigation phase of the case. Defendant's attorney objected at that time to the Probation Department's application of a two-point enhancement for maintaining a place for the purpose of manufacturing or distributing a controlled substance, ECF No. 53 at 1, but he did not object to the application of the career offender enhancement.

Alternatively, Defendant could have challenged the application of that enhancement on appeal. *See United States v. Barnes*, 883 F.3d 955, 957 (7th Cir. 2018) ("[W]e have held that a defendant does not necessarily waive a sentencing argument by . . . contesting some aspects of the PSR and not others . . . ." (citing *United States v. Jenkins*, 772 F.3d 1092, 1095–96 (7th Cir. 2014))). But it appears that Defendant declined to appeal his sentence in this case.

Lastly, Defendant could have challenged the application of the career offender guideline in habeas corpus. *See Brown v. Caraway*, 719 F.3d 583, 587 (7th Cir. 2013) ("[T]he erroneous application of the mandatory career offender Guideline is a fundamental sentencing defect that can be remedied under § 2241 [or § 2255]." (citing *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011))).

In any event, Defendant is mistaken regarding the scope and applicability of the career offender enhancement as a general matter. He writes that he has "no history of violence," ECF No. 64 at 2, but the career offender enhancement applies with respect to "prior convictions that . . . qualif[y] as . . . crime[s] of violence *or* controlled substance offense[s]." *United States v. Musgraves*, 883 F.3d 709, 714 (7th Cir. 2018) (citing U.S.S.G. § 4B1.1(a)) (emphasis added). The Probation Department recommended

applicability of the career offender enhancement to Defendant because of his "two prior felony convictions for controlled substance offenses"—not because of any crime of violence. ECF No. 44 at 11. Defendant's belief that the career offender enhancement could be predicated only on crimes of violence is mistaken.

Accordingly,

**IT IS ORDERED** that Defendant Jeffrey R. Jones's motion to clarify, ECF No. 64, be and the same is hereby **GRANTED**; Defendant's inquiries are clarified as discussed herein.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge